**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **MAG. NO. 20-169 (GMH)** |
| | : | |
| **ERIC TAYLOR,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E), 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(2)(A) of the federal bail statute.  The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

## I. Procedural History

The defendant is charged by indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.  Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A.    Nature and Circumstances of the Offenses Charged

On Monday, August 24, 2020, at approximately 6:30 p.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) Gun Recovery Unit (GRU) were traveling in unmarked police vehicles in the 5000 block of Bass Place, Southeast

in Washington, D.C. The officers observed a group of individuals congregating in front of an apartment building at 5023 Bass Place, Southeast. Officers know this location to be used to sell crack cocaine. As the officers pulled into the parking lot in front of the apartment building, they observed an individual, later identified as the defendant, Eric Taylor, walking on the other side of the street, looking back at officers over his shoulder. Officer Choi approached the defendant and asked him if he would show him the front portion of his waistband. The defendant partially lifted his shirt and then immediately fled on foot, running westbound.

Officer Choi gave chase and followed the defendant into a parking lot of another building. Toward the end of the parking lot, Officer Choi observed the defendant reach toward the front of his waistband with his right hand and toss a firearm toward some trash cans in the lot. The firearm was secured next to one of the trash cans. The defendant was placed under arrest in front of 5012 Bass Place Southeast, on the other side of the parking lot directly across from the trash cans where the firearm was located.

The firearm was recovered and identified as a Diamondback Arms Inc., model IS9, .9 millimeter semiautomatic handgun with a serial number of FA5391. When it was recovered, it was loaded with one (1) round in the chamber and thirteen (13) rounds in a fifteen (15) round capacity magazine.

      **B.**    **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. The defendant took unprovoked flight from the officers when they attempted to make contact with him. During the chase, Officer Choi observed the defendant remove a firearm from his waistband and attempt to discard it along his

flight path. The subject firearm was recovered from along the defendant's flight path almost immediately after the defendant tossed it. The firearm was loaded with one (1) round in the chamber and thirteen (13) rounds in the magazine. The defendant's interaction with law enforcement, the officers' statements regarding the defendant's possession of a firearm and the recovery of the firearm are corroborated by body worn camera footage.

### C.  The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. The defendant has a considerable criminal history consisting of, but not limited to the following prior convictions:

- Unauthorized Use of a Motor Vehicle, Destruction of Property, Fleeing from Law Enforcement (Washington, D.C., 2013)
- Attempted Distribution of Cocaine – Two Counts (Washington, D.C., 2010)
- No Permit (Washington, D.C., 2009)
- Escape (Washington, D.C., 2004)
- Possession of Marijuana (Washington, D.C., 2002)
- Possession of Marijuana (Washington, D.C., 2000)

The government submits that the defendant should not be released.

### D.  Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The current charge is the defendant's sixth felony offense, as detailed in his criminal history. The government further notes that the defendant has a prior conviction for Escape and Bail Reform Act violation. Thus, he is a

serious risk of flight. The firearm that the defendant possessed in this case had the potential to cause serious bodily injury to or the death of innocent persons in the community. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

        Respectfully submitted,

        MICHAEL R. SHERWIN
        ACTING UNITED STATES ATTORNEY
        N.Y. Bar No. 4444188

By:   /s/ Lisa N. Walters
        Lisa N. Walters
        D.C. Bar No. 974-492
        Assistant United States Attorney
        Violent Crime and Narcotics Trafficking Section
        United States Attorney's Office for D.C.
        555 Fourth Street, N.W., Fourth Floor
        Washington, D.C. 20530
        E-mail: Lisa.Walters@usdoj.gov
        Telephone: (202) 252-7499

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas, this 25th day of August 2020.

        /s/
        Lisa N. Walters
        Assistant United States Attorney